**In re Raymond J. SURDUT.**

**No. 88–549–M.P.**

Supreme Court of Rhode Island.

April 3, 1989.

Frank A. Carter, Jr., Chief Disciplinary Counsel, for plaintiff.

Raymond J. Surdut, pro se.

## OPINION

PER CURIAM.

The subject attorney has petitioned this court for reinstatement as a member of the bar of this state. He was suspended from the practice of law on May 7, 1985, for conviction of a felony arising out of his converting monies entrusted to his care for his own use. *Carter v. Surdut,* 492 A.2d 140 (R.I.1985).

In response to his petition for reinstatement, the deputy disciplinary counsel has presented this court with a comprehensive report of Mr. Surdut's activities since his suspension and also has outlined certain pending matters that remain unresolved. One of these matters relates to the alleged conversion of funds from another trust estate that came to light subsequent to our order of suspension. The petitioner claims that he has taken steps to refund monies claimed to be due and owing from him to this estate. However, in his appearance before us, he conceded that full satisfaction has not yet been implemented, although he anticipates that this indebtedness will be fully satisfied before the end of the year.

The report also contains information concerning both federal and state tax liens that have been filed against petitioner's property and are as yet undischarged. The petitioner stated that his liability to the federal Internal Revenue Service goes beyond "civil liability" and declined to release his IRS records to the chief disciplinary counsel. He further admitted to the chief disciplinary counsel and deputy disciplinary counsel that he has failed to file income tax returns since his suspension from the practice of law (a violation of federal law).

**52**

We concluded from this report and from our interview with petitioner that he has not been candid and forthcoming with the office of the chief disciplinary counsel and that he has failed in response to our order of suspension to disclose completely the list of his clients as he was required to do.

For these reasons and because of the fact that several unresolved matters may cause further litigation, both civil and criminal in respect to the petitioner, we deem it inappropriate to grant his petition for reinstatement at this time.

Consequently the petition for reinstatement is hereby denied without prejudice to renewing the same when all the matters herein referred to have been satisfactorily resolved.